# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEIKO TAGAWA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGESTONE GOLF, INC.,<br><br>    Defendant | Civil Action No.:<br><br>_____<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Keiko Tagawa ("Ms. Tagawa") files this Complaint against Defendant Bridgestone Golf, Inc. ("Bridgestone"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages brought in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Ms. Tagawa alleges that Bridgestone willfully violated the FLSA by failing to pay her for all hours worked over 40 per week.

## JURISDICTION AND VENUE

3. Under 28 U.S.C. § 1331 this Court has jurisdiction over Ms. Tagawa's claims because the claims raise questions of federal law.

4. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in

this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

## PARTIES

5. Bridgestone is a Delaware corporation registered to do business in Georgia with its principle office address located at 15320 Industrial Park Blvd., Covington, GA, 30014.

6. Bridgestone may be served through its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

7. Ms. Tagawa is an individual resident of Gwinnett County, Georgia.

## BRIDGESTONE IS COVERED BY THE FLSA & EMPLOYED PLAINTIFF

8. Bridgestone designs, manufactures, and sells golf equipment and accessories.

9. Bridgestone is an enterprise engaged in commerce or the production of goods for commerce.

10. Bridgestone employs two or more individuals who engage in commerce, the production of goods for commerce, or handle, sell, or work with goods or materials that have moved in or were produced for commerce.

11. Bridgestone employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while

performing their job duties.

12. Bridgestone employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

13. Bridgestone's employees handle and use materials that were manufactured outside the state of Georgia and traveled through interstate commerce, such as computers, computer software, paper supplies, printers, and copiers, while performing their job duties.

14. Bridgestone employs two or more individuals who process credit card or other interstate transactions while performing their job duties.

15. For the three years preceding the filing of this Complaint, Bridgestone's gross annual sales or business done was $500,000 or more.

16. At all relevant times, Bridgestone employed Ms. Tagawa within the meaning of the FLSA.

17. Bridgestone hired Ms. Tagawa on or about January 18, 2017.

18. Bridgestone determined the employment practices applicable to Ms. Tagawa.

19. Bridgestone had the authority to change the employment practices applicable to Ms. Tagawa.

20. Bridgestone determined how Ms. Tagawa was paid.

21. Bridgestone set Ms. Tagawa's schedule.

22. Bridgestone maintained Ms. Tagawa's employment records, such as time and payroll records.

23. Bridgestone terminated Ms. Tagawa's employment on or about June 24, 2020.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS**

24. Bridgestone's parent corporation is headquartered in Japan.

25. Bridgestone's executives and employees often work with or report to their counterparts in Japan, and executives from Bridgestone's headquarters in Japan travel to Bridgestone's office in the United States for their work.

26. Ms. Tagawa speaks both Japanese and English.

27. During her tenure at Bridgestone, Ms. Tagawa held the job title of "Business Planning Analyst/Translator."

28. In this role, her primary job duty was to provide clerical support to Bridgestone's president and vice president of business planning and logistics (collectively the "Bridgestone Executives").

29. For example, Ms. Tagawa entered or compiled data in Excel or PowerPoint for the Bridgestone Executives.

30. She also scheduled meetings for the Bridgestone Executives, which she

sometimes attended for the purposes of taking notes.

31. Additionally, Ms. Tagawa provided translation assistance from Japanese to English or English to Japanese as required by the Bridgestone Executives.

32. In performing these duties, Ms. Tagawa followed policies and procedures established by her superiors at Bridgestone.

33. Ms. Tagawa typically worked more than 40 hours per week.

34. Bridgestone scheduled Ms. Tagawa to work Monday through Friday from 8:30 am to 5:30 pm.

35. Because Ms. Tagawa provided support to the Bridgestone Executives who were working with other executives at the headquarters in Japan and provided support for executives from the headquarters in Japan who were working at Bridgestone's office in the United States, she was often required to work until after 6:00 pm. This included having to attend meetings that did not end until well after Ms. Tagawa's scheduled end time of 5:30 pm.

36. Additionally, when entering data for the sales team's budget reports, Ms. Tagawa worked beyond her scheduled shift, sometimes including weekends, to complete the reports on time.

37. Ms. Tagawa often worked through her lunch hour to complete her

assigned tasks.

38. Bridgestone knew that Ms. Tagawa worked in excess of 40 hours per week due to time zone differences for her translation work and deadlines for her data entry work.

39. Additionally, Ms. Tagawa sent emails before and after her scheduled shift showing that she was working in excess of her scheduled hours.

40. Bridgestone, however, failed to maintain accurate records of the hours Ms. Tagawa worked.

41. Bridgestone's failure to keep complete and accurate records of Ms. Tagawa's hours worked violated the FLSA's recordkeeping requirement.

42. Bridgestone paid Ms. Tagawa a fixed weekly wage.

43. However, Bridgestone failed to pay Ms. Tagawa any wages for hours worked in excess of 40 per week.

44. Bridgestone did not pay Ms. Tagawa 1.5 times her regular hourly rate for all hours worked over 40 per workweek.

45. Bridgestone knew or should have known that Ms. Tagawa worked uncompensated overtime hours.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

46. For the duration of her employment, Ms. Tagawa was entitled to 1.5

times her regular rate of pay for all hours worked over 40 per week.

47. Ms. Tagawa regularly worked more than 40 hours per week.

48. While Bridgestone failed to keep accurate records of the hours that Ms. Tagawa worked, Bridgestone knew Ms. Tagawa regularly worked more than 40 hours per week.

49. Bridgestone failed to pay Ms. Tagawa 1.5 times her regular rate of pay for all hours worked over 40 per week in violation of the FLSA.

50. Bridgestone's failure to pay Ms. Tagawa 1.5 times her regular rate of pay for all hours worked over 40 per week was a willful violation of the FLSA.

51. Because Bridgestone willfully violated Ms. Tagawa's rights under the FLSA, Ms. Tagawa is entitled to all unpaid overtime wages dating back three years prior to the filing of this action, an equal amount in liquidated damages, and attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Ms. Tagawa respectfully requests that the Court enter judgment in her favor and:

(1) Declare that Bridgestone violated Ms. Tagawa's rights under the FLSA;

(2) Declare that Bridgestone's violations of Ms. Tagawa's rights under the FLSA were willful;

(3) Award Ms. Tagawa all unpaid overtime wages for a period of three years;

(4) Award Ms. Tagawa liquidated damages in an amount equal to her unpaid wages;

(5) Award Ms. Tagawa her reasonable attorney's fees, costs, and expenses; and

(6) Award all other relief to which Ms. Tagawa may be entitled.

## DEMAND FOR TRIAL BY JURY

Ms. Tagawa requests a trial by jury under Fed. R. Civ. P. 38.

Respectfully submitted, this 24th day of August, 2020.

_____
John L. Mays
Georgia Bar No. 986574
Melissa A. Carpenter
Georgia Bar No. 385004
**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
404-873-8000 phone
404-873-8050 fax
jmays@pcwlawfirm.com
mcarpenter@pcwlawfirm.com

*Counsel for Plaintiff*